945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carlos E. PRESIDENTE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3218.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1991.
 
 Before NIES, Chief Judge, and PAULINE NEWMAN and PLAGER, Circuit Judges.
 DECISION
 NIES, Chief Judge.
 
 
 1
 Carlos E. Presidente seeks review of the November 13, 1990 Initial Decision of the Merit Systems Protection Board, Carlos E. Presidente v. United States Postal Serv., Docket No. SF07529010847, which became final when the Board declined review on February 15, 1991. The Board dismissed petitioner's appeal of his removal from the position of letter carrier for failure to prosecute. We affirm.
 
 OPINION
 
 2
 We find no abuse of discretion in the Board's determination to dismiss petitioner's appeal for failure to prosecute. The record indicates that petitioner timely filed an appeal of his removal on May 10, 1990. In response to his requests for continuances pending his release from incarceration, the Board dismissed the appeal without prejudice and fixed a time for refiling. Since refiling his petition on September 12, 1990, petitioner failed in any meaningful way to proceed with its prosecution. After refiling, the case was assigned to an administrative judge. In an order dated September 18, 1990, the AJ advised that a prehearing conference would be held within 15 days. On September 21, 1990, the AJ issued an Order and Notice of Hearing requiring the parties to submit a prehearing statement of facts and issues, as well as a list of proposed witnesses and exhibits by October 10, 1990, and to appear for an in-person prehearing conference of parties on October 16, 1990. The Order also set October 22, 1990, as the hearing date on the merits. Petitioner failed to appear or to submit the required documents. On October 16, 1990, the AJ issued an order to show good cause why petitioner had not appeared for the scheduled prehearing conference or submitted the required prehearing documents, and rescheduled the prehearing conference for October 31, 1990. Petitioner again failed to respond and attempts to reach him by telephone were unsuccessful. As a result, on October 31, 1990, the AJ issued an order requiring petitioner to show good cause within five days why his appeal should not be dismissed for failure to prosecute. Upon failure to receive a reply, on November 13, 1990, the AJ entered an order of dismissal.
 
 
 3
 Petitioner had filed an untimely response to the October 31, 1990 Order on November 8, 1990, which was not received by the AJ until after issuance of her opinion,* explaining that he had left the country due to an emergency "before October 16, 1990." His petition for review by the Board relied on this excuse. The Board denied his petition for review.
 
 
 4
 We may overturn the Board's decision only upon a showing that the decision was an abuse of discretion, arbitrary, capricious, or otherwise contrary to law, or obtained without following proper procedures, or was unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Petitioner's statement of absence from the country "before October 16" does not justify his failure to take action on orders issued in September. On the facts of record, dismissal of petitioner's appeal due to failure to prosecute has not been shown to be an inappropriate or unlawful sanction, and accordingly, under our standard of review, we may not overturn the Board's decision to dismiss this case.
 
 
 
 *
 Petitioner filed his response three days late on November 8, 1990. The AJ's November 14, 1990 post-decision order, which stated that petitioner's untimely response was not considered in reaching her initial decision in the case, mistakenly listed the deadline for response as October 5, 1990, rather than the actual due date of November 5, 1990. This error is of no substantive significance